JOURNAL ENTRY AND OPINION
{¶ 1} Appellants Alfonso Marra, Joanne Marra, Adam Marra, Rocco Martello, and Angela Martello ("appellants") appeal the decision of the Cuyahoga County Court of Common Pleas, which granted judgment in favor of Nationwide Mutual Insurance Company ("Nationwide"). For the reasons that follow, we affirm.
 {¶ 2} The following facts give rise to this appeal. On August 30, 1986, Alfonso Marra, Jr. ("the decedent") died as a result of an automobile accident caused by the negligence of an underinsured motorist, Eric Guston. Guston was insured by Nationwide.
 {¶ 3} Nationwide paid $12,000 to the decedent's estate for the tortfeasor's negligence. Nationwide also paid $38,000 on an underinsured motorist claim made under a personal auto policy.
 {¶ 4} Appellants, who are relatives with whom the decedent resided, filed a declaratory judgment action seeking uninsured/underinsured motorist ("UM/UIM") coverage under various policies of insurance. The complaint included a claim for breach of contract and also sought prejudgment interest and attorney's fees. Appellants eventually dismissed all claims except those brought under a commercial liability policy and a business auto policy issued by Nationwide to Fratelle Imported Foods, Inc. ("Fratelle"). Appellants also dismissed the claims of Rocco Martello and Angela Martello.
 {¶ 5} The named insured under the Nationwide policies was Fratelle. On the date of the accident, the decedent, his parents Alfonso Marra, Sr. and Joanne Marra, and his brother Adam Marra were all employees of Fratelle. However, the decedent was not acting within the course and scope of employment at the time of the accident.
 {¶ 6} Appellants filed a motion for summary judgment that was opposed by Nationwide. The trial court denied appellants' motion and found that appellants were not entitled to coverage under the commercial liability policy because neither the decedent nor his family were acting within the scope of their employment at the time of the accident. The trial court also found that the business auto policy only provided UM/UIM coverage for specifically described vehicles in the policy and that the decedent was not operating such a vehicle. The trial court proceeded to find that no issues remained in the case and entered judgment in favor of Nationwide. The trial court also denied appellants' demand for arbitration.
 {¶ 7} Appellants appeal the decision of the trial court raising one assignment of error for our review which states:
"The trial court erred in granting summary judgment in favor of appellees and against appellants on the issue of whether appellee's commercial general liability and business auto insurance policies provided uninsured-underinsured motorist coverage to the appellants expressly and/or by operation of law."
 {¶ 8} Based on the recent opinion by the Ohio Supreme Court inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, we affirm the decision of the trial court. In Galatis, the court held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus. The court further held: "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph three of the syllabus.
 {¶ 9} Under the facts of this case, the named insured under the Nationwide policies was a corporation, Fratelle. Since the decedent's loss did not occur within the course and scope of his employment, the decedent is not an insured for UM/UIM purposes under the policies. See Id. Further, since the decedent was not a named insured under the policies, appellants are not entitled to coverage as family members. See Id. The assigned error lacks merit.
Judgment affirmed.
PATRICIA ANN BLACKMON, P.J., AND ANTHONY O. CALABRESE, JR., J.,CONCUR.